IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| LIBERTY MUTUAL INSURANCE COMPANY,<br><br>Plaintiff,<br><br>vs.<br><br>CONTINENTAL RESOURCES, INC.,<br><br>Defendant. | CV 10-35-BLG-RFC-CSO<br><br>ORDER |

On April 25, 2011, United States Magistrate Judge Carolyn Ostby entered Findings and Recommendations (*Doc. 32*) in the above captioned case. Judge Ostby recommends that Plaintiff Liberty Mutual Insurance Company's (Liberty) Motion for Summary Judgment (*Doc. 16*) be granted in part and denied in part. Additionally, Judge Ostby recommends that Defendant Continental Resources Inc.'s (Continental) Motion for Summary Judgment (*Doc. 19*) be granted in part and denied in part. The underlying facts are undisputed, accurately set forth in Judge Ostby's Findings and Recommendation, and need not be recited here.

Essentially, Judge Ostby concluded that: (1) Pioneer Drilling Services, Inc. (Pioneer) entered into a contract with Continental (the Contract) which clearly and unambiguously provides a duty to extend insurance coverage to Continental in an underlying wrongful death lawsuit (Mosby lawsuit); (2) Continental qualifies as an additional insured under the insurance policy issued to Pioneer from Liberty (the Policy); (3) Montana's worker's compensation statute's exclusivity provision does not nullify Pioneer's contractual obligations to Continental; and (4)The Policy does not extend coverage to Continental for survivor's claims of emotional distress and loss of consortium related to the Mosby lawsuit.

Upon service of a magistrate judge's findings and recommendation, a party has 10 days to file written objections. 28 U.S.C. § 636(b)(1). In this matter, Liberty filed an objection on May 9, 2011 *(Doc. 33)*. Continental filed its Response on May 26, 2011 *(Doc. 35)*. Liberty's objection requires this Court to make a *de novo* determination of those portions of the Findings and Recommendations to which objection is made. 28 U.S.C. § 636(b)(1).

Liberty takes issue with Judge Ostby's conclusion that Continental qualified as an additional insured under the Policy. Specifically, Liberty argues that Montana's Worker's Compensation exclusivity provision codified at Mont. Code Ann. § 39-71-411 nullifies any indemnification obligation on behalf of Pioneer. After a *de novo* review of the Contract, Policy provisions and law, the Court finds

Liberty's objection unavailing. Liberty reasons that "[b]ecause Pioneer's indemnification obligation is void by virtue of the statute ... Pioneer's corresponding duty to insure Continental is also void ... ." (*Doc. 33 p. 5*) The Court finds that the Contract unambiguously required Pioneer to name Continental as an additional insured. As stated by Judge Ostby, Liberty fails to draw the distinction between indemnification and providing coverage as an additional insured. See *Doc. 32, p. 18*. Liberty provides no compelling authority that worker's compensation exclusivity would serve to nullify coverage to Continental as an additional insured.

For the reasons set forth above, **IT IS HEREBY ORDERED THAT**:

(1) Magistrate Judge Ostby's Findings and Recommendations (*Doc. 32*) be adopted in its entirety.

(2) Liberty's motion for summary judgment (*Doc. 16*) be GRANTED in part and DENIED in part, and that Continental's motion for summary judgment (*Doc. 19*) be GRANTED in part and DENIED in part as set forth in Judge Ostbys Findings and Recommendation

DATED this ____ Day of July, 2011.

/Richard Cebull
U.S. District Court Judge